# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN L. MCLEMORE, <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANK N.A. and DANIEL J. BOHRINGER, <br><br> Defendants. | Case No. 19-CV-803-JPS <br><br> **ORDER** |

On March 1, 2019, Daniel J. Bohringer ("Bohringer") removed a foreclosure action to this Court from Wisconsin state court. *U.S. Bank Nat'l Assoc. v. Daniel J. Bohringer*, 19-CV-317-JPS (E.D. Wis.), (Docket #1). He did so in a transparent attempt to frustrate the consummation of foreclosure on the subject property which he owned. *Id.*, (Docket #3). This Court dismissed the action because it lacked subject-matter jurisdiction over the case. *Id.* Bohringer was also denied leave to proceed *in forma pauperis* but did not pay the filing fee. *Id.*

Undeterred by the dismissal of the removed case, Bohringer filed a new action on May 7, 2019, titling it a "complaint in mortgage foreclosure." *Daniel J. Bohringer v. U.S. Bank N.A.*, 19-CV-665-JPS (E.D. Wis.), (Docket #1). Bohringer apparently believed that he had a "purchase money mortgage" in the property underlying the first action. *Id.*, (Docket #1 at 2). The "mortgage" was in fact an attempt by Bohringer to convey the property from himself to *his own trust*. *Id.*, (Docket #1-1 at 1–7). Despite the sham nature of this transaction, according to Bohringer, the trust's "purchase money mortgage" had priority over Defendant U.S. Bank's ("U.S. Bank")

mortgage, and so entitled the trust to foreclose against U.S. Bank. *Id.*, (Docket #1 at 2–4). The lawsuit asserted that U.S. Bank owed him "'$300,000" payable in lawful 'gold or silver money' of the United States." *Id.*, (Docket #1 at 4). Bohringer further demanded that U.S. Bank "'prove their title,'" and if they failed to do so, "their title will revert to [Bohringer]." *Id.*, (Docket #1 at 5).

As with the first case, Bohringer sought to proceed *in forma pauperis*. *Id.*, (Docket #2). The Court reviewed the financial information he submitted and found that he did not qualify for this benefit. *Id.*, (Docket #4). It ordered Bohringer to pay the full filing fees he owed in the first and second cases, which he failed to do. The Court then dismissed the case on May 29, 2019. *Id.*, (Docket #6).

That same day, Bohringer orchestrated the filing of a third action concerning the foreclosure of the property—the instant case. Here, Bohringer makes precisely the same allegations that were offered in the second case. *Compare* 19-CV-665-JPS, (Docket #1) *with* 19-CV-803-JPS, (Docket #1). This time, however, Bohringer identified himself as a defendant and John L. McLemore ("McLemore") as the plaintiff, namely as a "substitute trustee" for Bohringer's trust. *See* 19-CV-803, (Docket #1 at 1). The Court does not know who McLemore is, whether he is aware of this case, or that his name has been used by Bohringer. In any event, McLemore resides at the same address Bohringer that has utilized for his other court filings.

As with the first action, this latest case must be dismissed for want of subject-matter jurisdiction. As the Court has already explained to Bohringer, federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law,

known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. See 28 U.S.C. §§ 1331 and 1332(a). Foreclosure of mortgages is not an issue of federal law. Moreover, with Bohringer aligned as a defendant, there is not complete diversity among the parties in the case.

Beyond the issue of subject-matter jurisdiction, this action is barred by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* precludes lower federal courts from exercising what would effectively be appellate jurisdiction over final state court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). It is "a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Bohringer's foreclosure claim is precisely the sort which is prohibited by *Rooker-Feldman*. Bohringer's goal in this case is to undermine or modify the state court judgment of foreclosure, and be paid $300,000 in the process. This is clearly impermissible. The only legitimate method available to avoid the state court judgment is to appeal through the state court system and, if Bohringer is unsuccessful there, to appeal to the U.S. Supreme Court. If all of those options fail, the judgment is final and is no longer reviewable.

This action must, therefore, be dismissed for lack of jurisdiction.[1] Further, in light of Bohringer's repeated frivolous filings, the Court is obliged to impose a sanction against him. The Court will fine Bohringer in the amount of $200. Bohringer shall also be obligated to pay the filing fees he owes from the first two cases (the filing fee was paid for the instant case), which total $800. Thus, Bohringer owes the Court $1,000. Until he pays that amount, the Clerk of the Court in this District shall return, unfiled, any papers submitted by Bohringer except for those in defense of a federal criminal case or applying for a writ of habeas corpus. *Bradley v. Wis. Dep't of Children & Families*, 715 F. App'x 549, 550 (7th Cir. 2018), citing *Support Sys. Int'l v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995). Bohringer may move the Court, no earlier than two years from the date of this Order, to rescind or modify this filing ban. A copy of this Order will be mailed to Bohringer.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for want of jurisdiction; and

**IT IS FURTHER ORDERED** that Daniel J. Bohringer is fined in the amount of $200. Bohringer is also obligated to pay the $800 in filing fees he owes stemming from Case Nos. 19-CV-317 and 19-CV-665. Thus, Bohringer owes the Court $1,000. Until he pays this amount in full, the Clerk of the Court of this District is directed to return unfiled any papers submitted by Bohringer except for those in defense of a federal criminal case or applying for a writ of habeas corpus.

The Clerk of the Court is directed to enter judgment accordingly.

---

[1] Beyond the lack of jurisdiction, this action is clearly frivolous. Bohringer's sham "purchase money mortgage" does not entitle him to anything, much less a right to foreclose against U.S. Bank, thereby overriding U.S. Bank's foreclosure.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge